IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

RONALD ALAN GRACE and
JOSETTE RENEE GRACE,

Debtors-in-Possession.

Case No. 05-24883
Chapter 11 Reorganization

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING COMPROMISE OF ADVERSARY PROCEEDING AGAINST GMAC MORTGAGE CORPORATION

The Debtors, Ronald Alan Grace and Josette Renee Grace, pursuant to Bankruptcy Rule 9019, move the Court for the entry of an Order authorizing the compromise and resolution of Adversary Proceeding No. 10-2040, and in support thereof, state as follows.

1. The Debtors filed their Chapter 11 Bankruptcy Petition in this Court on October 15, 2005. An Order reopening the case was entered by this Court on October 25, 2010.

2. On July 17, 2008, the Court entered an ORDER AMENDING AND CONFIRMING JOINT DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF RONALD ALAN GRACE AND JOSETTE RENEE GRACE (the "Confirmation Order"). This Order was agreed to by GMAC Mortgage Corporation ("GMAC") and provided for the treatment of GMAC's secured claim.

3. On or about October 20, 2010, the Debtors filed a Motion requesting entry of an Order reopening the Case and holding GMAC in Contempt. The Motion alleged, among other things, that GMAC violated the discharge injunction by failing to properly apply the payments made by the Debtors upon GMAC's secured claim pursuant to the Plan, and improperly reporting the status of the claim to credit reporting agencies. By Order entered on December 7, 2010, this

Court converted the Motion to Adversary Proceeding No. 10-2040. On or about December 16, 2010, the Debtors filed their AMENDED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER HOLDING GMAC MORTGAGE CORPORATION IN CONTEMPT AND FOR ENTRY OF JUDGMENT FOR DAMAGES AND ATTORNEY FEES.

4. The Debtors and GMAC have agreed to resolve and compromise the Adversary Proceeding in accordance with a Settlement and Release Agreement. A summary of the compromise agreement is as follows.

A. GMAC agrees to release its Secured Class 2 claim of $24,500 (#0306841874) and the Unsecured Class 5 Claim of $2,427.84, and the amounts owed on those loans described in the Court's Confirmation Order entered July 17, 2008.

B. The parties will bear their own costs and attorney fees.

C. GMAC agrees to promptly take all necessary and reasonable steps to request that Experian, Equifax, and Trans Union (collectively, the "CRAs") delete the trade line for the Loans from the Borrowers' credit file so that there is no derogatory credit reporting. The request to the CRA's shall be in writing (and a copy shall be sent to Borrower's Counsel), and shall also state that the loan in question (loan #0306841874) has not been in default since July 17, 2008, and has never been in, or subject to, a foreclosure. Borrowers understand that GMAC does not control the actions of the CRA's and, therefore, GMAC can only request that the CRA's make changes to borrowers' credit history.

  D. The Debtors and GMAC shall exchange mutual general releases.

  E. The Parties agree to dismiss the Adversary Proceeding with prejudice and without costs.

5. The Debtors assert that the compromise reflected in the Settlement and Release Agreement is reasonable and is in the best interests of the Debtors, their creditors and the Estate.

**WHEREFORE**, the Debtors respectfully request the Court enter an Order authorizing the compromise as set forth in the Settlement and Release Agreement, and the Debtors respectfully request such other and further relief as this Court deems just and proper.

            **RONALD ALAN GRACE**
            **JOSETTE RENEE GRACE**

            **By Counsel**

_/s/ Christopher S. Smith_

Christopher S. Smith - WV State Bar #3457
Hoyer, Hoyer & Smith, PLLC
22 Capitol Street
Charleston, WV 25301
(304) 344-9821; (304) 344-9519 - Fax
Chris@hhsmlaw.com

3